### 47554.   MORROW v. THOMASON et al.

Eberhardt, Presiding Judge. John D. Morrow, a minor, by next friend, and A. R. Morrow, John's father, brought suit against David Thomason, Robert Gann, and Gwinnett County, seeking to recover damages resulting from injuries sustained by John when the Thomason vehicle, in which John was a guest passenger, collided with the Gann vehicle. The trial court granted Thomason's motion for summary judgment, and the Morrows appeal. *Held:*

The case against Thomason for gross negligence as revealed by the present record is of the weakest sort. On a trial, where the burden rests on the plaintiff, defendant may very well be entitled to a directed verdict. However, it is here on defendant Thomason's motion for summary judgment in an automobile collision case. "'On motion for

directed verdict the party resisting the motion, i.e., the plaintiff, has had to and has presented his evidence, which is then scrutinized by the motion. On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.'" *Burnette Ford v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866). "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. . . The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case." *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114).

Under these and similar principles we are constrained to hold that the trial court erred in granting the motion for summary judgment.

*Judgment reversed. Deen and Clark, JJ., concur.*
SUBMITTED OCTOBER 5, 1972—DECIDED OCTOBER 13, 1972.

*Brannon, Brannon & Thompson, Robert B. Thompson,* for appellant.

*Greer, Pollock & Klosik, Kenneth C. Pollock,* for appellees.