## 51243. C. K. SECURITY SYSTEMS, INC. v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

PANNELL, Presiding Judge.

C. K. Security Systems, Inc., doing business as North American Security, entered into a contract with Days Inn of America, Inc., whereby appellant was to furnish security service, including the use of "skilled" uniform personnel to patrol the premises of Days Inn. Days Realty Management, Inc., was a tenant on the premises covered by the contract. One of the security personnel so furnished stole from the office of Days Realty a blank check, forged the name of an official of the company, made the check payable to himself in the amount of $11,000. The check was deposited to the account of employee in another bank and later the funds were withdrawn therefrom. The check in due course arrived at Peachtree Bank & Trust Company where Days Realty had several accounts. The check constituted an overdraft of $6,000 to $7,000 on the account on which it was drawn. An authorized bank official accepted the check and permitted the overdraft, but no check was made as to the signature. This payment was authorized after the "midnight deadline" for rejecting checks and returning them to the forwarding bank, the delay being occasioned by a computer breakdown and the computer later rejected the check, after the overdraft was authorized. Several days later, after Days Realty received a notice of the overdraft, the check was returned to the bank as a forgery and the bank promptly credited the account of Days Realty. The bank's insurer partially reimbursed it. Days Inn and Days Realty assigned to the bank and its insurer any causes of action it might have against the employee and the appellant. The bank and its insurer brought an action to recover the amount of the check against the appellant and the employee, who allegedly stole the check. Appellant's motion for summary judgment was overruled and it appeals to this court. *Held:*

1. Neither side takes the position that the employee was acting within the scope of his employment in stealing and forging the check. The appellant, however, contends

that under the law of this state there can be no liability for the negligent hiring of the servant unless it appears the employer had actual knowledge of the characteristics and propensities which make the employee unfit for the particular employment; and further contended that cases of negligent entrustment apply as well to negligent employment. Cases relied upon and discussed were the following: *Renfroe v. Fouche,* 26 Ga. App. 340 (106 SE 303); *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891); *Hines v. Bell,* 104 Ga. App. 76 (120 SE2d 892); *Johnson v. Brant,* 93 Ga. App. 44 (90 SE2d 587); *Roebuck v. Payne,* 109 Ga. App. 525 (136 SE2d 399); *Saunders v. Vickers,* 116 Ga. App. 733 (158 SE2d 324); *Harris v. Smith,* 119 Ga. App. 306 (167 SE2d 198) and *Henderson v. Nolting First Mortgage Corp.,* 184 Ga. 724 (193 SE 347).

Whatever may be the correct view, the movant produced no evidence that it did not know of the employee's previous arrests, nor did it offer evidence that it had no knowledge of any predilection or inclinations to steal on the part of the employee.

While the burden may be on the complainant upon the trial of the case to prove all the necessary elements of its cause of action, such burden does not rest upon the plaintiff on a motion for summary judgment by the defendant. There is no duty upon the plaintiff to produce evidence until the defendant's evidence pierces the plaintiff's pleadings and demands a finding in defendant's favor on the particular issue of fact made by the pleadings. "To satisfy the moving party's burden the evidentiary material before the court, if taken as true, must establish the absence of any genuine issue of material fact, and it must appear that there is no real question as to the credibility of the evidentiary material, so that it is to be taken as true. If the non-existence of any genuine issue of material fact is established by such credible evidence that on the facts and the law the movant is entitled to judgment *as a matter of law,* the motion should be granted, unless the opposing party shows good reason why he is at the time of the hearing unable to present facts in opposition to the motion. If, however, the papers before the court disclose a real issue of credibility or, apart from credibility, fail to establish clearly that there is no

genuine issue as to any material fact, the motion must be denied." (Emphasis supplied.) 6 Moore's Federal Practice, § 56.15[3], p. 2339. See also *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256); *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (4) (170 SE2d 737); *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710).

While the expression "pierce the pleading" was appropriate at the time a plaintiff was required to plead every element of the cause of action, this type of pleading is no longer required. We now generally speak of defendant's evidence being required to "disprove some essential element of the plaintiff's cause of action." See *Continental Assur. Co. v. Rothell,* 121 Ga. App. 868 (2) (176 SE2d 259); *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114).

Even under its own theory of the law appellant has not carried its burden on motion for summary judgment.

2. Nor does the evidence adduced demand a finding that the defendant exercised ordinary care in the selection of its employee should we assume actual knowledge of the employee's unfitness is not required.

The defendant is only under a duty to exercise ordinary care in selecting its employees; and while the standard of ordinary care is invariable (*Central R. &c. Co. v. Ryles,* 84 Ga. 420 (1) (11 SE 499)), yet circumstances of the case may require a greater *amount* of care to meet the *degree* or standard of care required by law. *Cook v. Southern R. Co.,* 53 Ga. App. 723 (187 SE 274); *Mandeville Mills v. Dale,* 2 Ga. App. 607, 612 (58 SE 1060); *Townley v. Rich's, Inc.,* 84 Ga. App. 772, 775 (67 SE2d 403); *Belk Gallant Co. v. McCrary,* 88 Ga. App. 829, 833 (78 SE2d 198). We think this is a case where such rule is applicable. The defendant was offering a security service and the use of its employees to patrol the premises for the purpose of protecting persons and property. In the selection of its employees it may have been duty bound to exercise a greater amount of care to ascertain its employees were honest and were not likely to commit thefts, where one employing others to perform a different type of service may meet the standard of care required with a lesser

amount or quantum of care. Whether or not the employer exercised such care is ordinarily a jury question.

The only evidence on this point introduced in behalf of the movant was an affidavit of the president of the appellant corporation to the effect that the employee passed the personnel test given by appellant with a high grade, that the employee was given a letter for the employee to use in securing a "permit" from the Atlanta Police Department, that the records of the appellant indicated the employee secured the permit, that the record of the employee's application also indicated he had had prior employment and that these employers were contacted; that the record showed that the employee had successfully passed a course in criminology. The affidavit further showed that the president did not interview the employees, but that this and the follow-up on investigation of employees were done by others in the company. This affidavit also disclosed that others than the affiant president kept the records referred to. None of these records were introduced in evidence. It appeared that so far as the affiant knew, the Atlanta Police Department only investigated as to felony convictions in granting permits. The president further deposed that the defendant had no facilities for "making other types of checks beyond previous employers" and "relied solely on the Atlanta Police Department to screen" its "applicants for prior offenses." The evidence was mostly hearsay.

The only evidence indicating the employee may have been dishonest or likely to steal was that the F. B. I. had a record of "prior arrests." Neither the complainant nor the defendant-appellant offered evidence as to what these prior arrests were for; but the duty did not rest upon the plaintiff, but upon the defendant-movant who had the burden of showing that the prior arrests were not for crimes indicating dishonesty. As previously stated, if this case were on trial before a jury, the plaintiff would have the burden of showing the record of prior arrests which would carry different connotations. However, on motion for summary judgment by a defendant, as here, the burden is on it to *disprove* or even to *prove a negative;* that is, the arrests were *not* for offenses indicating incompetency of the employee to be a security officer. See

in this connection *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795, supra and cases cited therein; *Morrow v. Thomason,* 127 Ga. App. 309, supra; *Southern Bell Tel & Tel Co. v. Beaver,* 120 Ga. App. 420 supra. We cannot say that the evidence adduced was sufficient to *demand a finding* as a matter of law that the defendant had exercised due care in screening the employee in question, or that there were no material issues of fact for determination for a jury.

Appellant contends, however, that the bank was guilty of such negligence in honoring the check without ascertaining the signature was authorized as to bar its recovery. The evidence shows that a certain bookkeeper in the usual course would have checked the signature, but because of the computer breakdown in handling checks it was necessary that the checks be handled by hand by other and various employees and it was uncertain whether anyone checked the signature. It was certain that in the handling of the checks under the breakdown circumstances, with numerous employees participating, the particular bookkeeper assigned to the particular account did not do so, neither did the officer who authorized payment of the check, so as to constitute an overdraft.

It is our opinion that it is a question for jury determination upon the trial of the case whether the negligence, if any, of the bank was sufficient to bar its recovery, as well as that of its insurer assignee.

Cases and statutes and bank rules involving negligent liability of a bank as to its depositor in honoring a forged check, relied upon by appellant, are not applicable here.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED JANUARY 5, 1976.

*Dennis & Fain, Thomas S. Carlock, Robert C. Semler,* for appellant.

*Gerstein, Carter & Chesnut, Rick Powell,* for appellees.