69382. COX COMMUNICATIONS, INC. v. LOWE.

(328 SE2d 384)

CARLEY, Judge.

Appellee filed a complaint against appellant, alleging an invasion of his right to privacy. Appellant moved for summary judgment in its favor. The trial court denied the motion, but certified its ruling for immediate review. This court granted appellant's application for interlocutory appeal.

The facts upon which appellee's claims are based are essentially undisputed. Appellant is the owner and licensee of a television station. In that capacity, appellant broadcast a news story concerning a Georgia Bureau of Investigation probe of alleged improper private use of prisoner labor by certain Carroll County officials. As a visual backdrop for its report, appellant broadcast a videotape of some of the buildings and the yard at the Carroll County Correctional Institute. The videotape incidentally depicted appellee, who is an inmate at the facility, walking in the prison yard wearing prison garb. Appellee was not involved in the investigation of alleged wrongdoing, and appellant's news story made no reference to him whatsoever. His identity was unknown to appellant at the time.

Appellee did not know of or consent to being filmed by appellant.

The videotape pictures were taken from a location several hundred feet away from appellee, in a parking lot outside of the fence which enclosed the prison. Although this parking lot was within a clearly delineated "guard line" surrounding the institute, see OCGA §§ 42-5-14, 42-5-15, it was unfenced, and access thereto by the public was not restricted. The presence of appellant's employees there was not unlawful. The scene depicted in the videotape was visible from a public place, and appellee was photographed while he was in open public view in the prison yard.

1. The Supreme Court of Georgia was the first American court to hold that an invasion of the right of privacy is an actionable tort. *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190 (50 SE 68) (1905). However, "Georgia's appellate courts have recognized the need for pragmatism in deciding the extent to which the right of privacy should be protected . . . . 'The right of privacy is not absolute, but is qualified by the rights of others. "No individual can live in an ivory tower and at the same time participate in society and expect complete non-interference from other members of the public." ' . . . 'There are some shocks, inconveniences and annoyances which members of society in the nature of things must absorb without the right of redress.' [Cit.]" *Hines v. Columbus Bank & Trust Co.*, 137 Ga. App. 268, 270, 271 (223 SE2d 468) (1976).

The right to recover under an invasion of privacy theory is restricted where matters of public interest are involved. " '[W]here an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy.' [Cit.]" *Meyer v. Ledford*, 170 Ga. App. 245, 247 (316 SE2d 804) (1984). See also *Waters v. Fleetwood*, 212 Ga. 161 (91 SE2d 344) (1956). It is undisputed that appellant's report of an official investigation of alleged misconduct by public officers related to just such a matter of public interest. Nonetheless, appellee contends that his privacy claims are not precluded, because he was not involved in the subject being investigated.

It is true that, in contrast to appellee's role in the news report broadcast by appellant, the plaintiff in *Meyer v. Ledford*, supra, had become at least a peripheral figure in a matter of legitimate public interest. Similarly, *Waters v. Fleetwood*, supra, involved photographs of the victim of a crime about which the public had a right to be informed. However, this court has previously acknowledged that there are some circumstances under which a plaintiff may not recover for an invasion of privacy even though he was neither a participant in nor a victim of the publicized incident. In *Reece v. Grissom*, 154 Ga. App. 194, 195 (2) (267 SE2d 839) (1980), we held that a plaintiff could not recover for an invasion of privacy when his name was published in a news article about a crime with which he had no connection whatso-

ever other than as the father of the alleged perpetrator. We noted that the plaintiff in that case had become "an unwilling and innocent actor in an occurrence of public interest due to unfortunate events involving his child." *Reece*, supra at 196. In the instant case, appellee incidentally became involved in the publicity concerning an occurrence of public interest due to his incarceration in a correctional facility which was part of the focus of an official investigation of alleged wrongdoing. As in *Reece*, the information which may have been publicized about appellee, the fact of his incarceration, was truthful and was a matter of public record. " 'There is no liability when the defendant merely gives further publicity to information about the plaintiff which is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life which are matters of public record . . . .' " *Cox Broadcasting Corp. v. Cohn*, 420 U. S. 469, 494 (95 SC 1029, 43 LE2d 328) (1975).

Accordingly, appellant could not be held liable for an invasion of appellee's privacy by virtue of disclosing the fact that he was incarcerated.

2. In addition to his claim based upon the public disclosure of the fact of his incarceration, appellee also alleged that appellant violated his privacy rights by intruding upon his seclusion, by portraying him in a false light, and by appropriating his likeness in pursuit of its own pecuniary gain. See generally *Cabaniss v. Hipsley*, 114 Ga. App. 367 (151 SE2d 496) (1966). Appellee contends that these latter three theories of recovery for an invasion of privacy are not affected by the Supreme Court's ruling in *Cohn*, which specifically addressed only the public disclosure theory. *Cohn*, supra at 489. However, we find the rationale and holding of *Cohn* to be sufficiently broad to preclude the possibility of any recovery by appellee for invasion of privacy. Even though appellee alleged all four of the recognized theories of recovery in privacy actions, and not just that of public disclosure, the fact remains that his theories are all based upon appellant's publication of his likeness in the course of a news report about a subject of legitimate public interest. Appellant's conduct in broadcasting the truthful, public fact of appellee's incarceration was precisely the type of conduct upon which *no* sanctions and *no* civil liability may be imposed under *Cohn*.

Moreover, even if the holding in *Cohn* does not extend to all of appellee's theories of recovery, appellant was nonetheless entitled to summary judgment. From the undisputed evidence presented, appellee was not subjected to a physical intrusion analogous to a trespass, as would be required to recover for an intrusion upon seclusion. *Kobeck v. Nabisco, Inc.*, 166 Ga. App. 652, 654 (305 SE2d 183) (1983). Nor was there a misrepresentation or a false depiction which would support a false light claim. *Brown v. Capricorn Records, Inc.*, 136 Ga.

App. 818 (1) (222 SE2d 618) (1975). With regard to appellant's alleged appropriation of appellee's likeness for its own benefit, in contrast to appellant's evidence that appellee had only incidentally appeared in a legitimate news broadcast, appellee did not introduce evidence that any value was attributable to his likeness, or that any commercial exploitation had actually occurred. See generally *Cabaniss v. Hipsley,* supra at 381-382; *McQueen v. Wilson,* 117 Ga. App. 488, 491 (3) (161 SE2d 63) (1968), rev'd on other grounds, *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313) (1968).

Since appellant pierced the pleadings and appellee failed to establish that any genuine issue of fact remained regarding his right to recover for an invasion of privacy under any theory, the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 1, 1985 —
REHEARING DENIED MARCH 13, 1985 —

*Joseph R. Bankoff, Gordon A. Smith,* for appellant.
*Gerald P. Word,* for appellee.