71992. SLATON v. B & B GULF SERVICE CENTER et al.
(344 SE2d 512)

POPE, Judge.

Lori Jean Slaton appeals the trial court's grant of summary judgment to appellees B & B Gulf Service Center, Robert M. Bailey, and Robert M. Bailey, Jr. Slaton brought this action for negligence and negligent hiring after she allegedly was assaulted and battered by Nathaniel D. Wallace, an employee of B & B Gulf. Slaton stopped at B & B Gulf on March 18, 1984 to ask for directions. Wallace offered to show her the way on a map in the office. Slaton testified at her deposition that when she entered the office, Wallace slammed the door and turned off the lights. She opened the door and Wallace turned the lights back on, grabbed her arm, and asked her if she wanted to party. She screamed, and Wallace grabbed her other arm. Slaton broke away, ran to her car and left the station. As soon as the Baileys learned of this incident, Wallace was fired. Wallace is not a party to this suit. *Held*:

1. "OCGA § 51-2-2 provides: 'Every person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily.' 'As construed in *Frazier v. Southern Ry. Co.*, 200 Ga. 590, 593 (37 SE2d 774) [(1946)], "The word 'voluntarily' in [OCGA § 51-2-2] will cover any or all motives or purposes of the wrongdoer, acting in the scope of his employment, which are not covered by 'acts of negligence.' The true test is not whether the tort was committed by reason of anger, malice or ill will,

but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matters disconnected therewith, the master would not be liable." ' " *McCranie v. Landgale Ford Co.*, 176 Ga. App. 281, 282 (335 SE2d 667) (1985).

The evidence in the present case does not support Slaton's contention that appellees are liable under the doctrine of respondeat superior as set out above. Wallace's duties at the station, as stated in Robert Bailey's affidavit in support of appellees' motion for summary judgment, included filling customers' tanks with gas and station maintenance. Bailey stated that Wallace was told specifically not to go into the office because he had no duties there. While Wallace may have been advancing his master's interest in taking Slaton to view the map, clearly he abandoned his master's interest and pursued only his own when he grabbed Slaton and asked her to "party." The trial court correctly granted summary judgment to appellees on the issue of respondeat superior.

2. Regarding the issue of negligent hiring, the record shows the affidavits of both of the Baileys. Each avers that he had no knowledge of any violent propensities by Wallace. Wallace filled out an application for employment listing former employers and references. The Baileys averred that B & B Gulf communicated with Wallace's former employers and references and was told that Wallace was a trustworthy employee who had no known problems. In opposition to this evidence, Slaton adduced a certified copy of a conviction of Wallace for simple assault in the State Court of DeKalb County. However, the conviction is undated. It is from this conviction that Slaton argues that appellees should have known of Wallace's violent tendencies.

In order to hold appellees liable for negligent hiring, Slaton must show by competent evidence that appellees knew or should have known of Wallace's alleged criminal and violent propensities. *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665 (1) (307 SE2d 129) (1983). The record before us contains no such evidence. In response to appellees' motion for summary judgment, Slaton produced only the undated conviction. Although the record shows that Slaton's statement of disputed facts submitted to the trial court relied upon the affidavit of a co-worker of Wallace's who allegedly stated that appellees knew or should have known of Wallace's violent tendencies, no such affidavit appears in the record. Thus, Slaton has failed to carry her evidentiary burden in resisting appellees' motion for summary judgment. See *Bentley v. Nat. Bank of Walton County*, 175 Ga. App. 732 (2) (334 SE2d 331) (1985). The trial court did not err in granting appellees' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED APRIL 8, 1986.

*Paul S. Weiner, Teddy G. Muntean,* for appellant.
*William D. Strickland,* for appellees.