### 74171. LEAR SIEGLER, INC. v. STEGALL.
(360 SE2d 619)

SOGNIER, Judge.

Stegall brought an action against Lear Siegler, Inc. to recover damages arising out of a collision between the automobile driven by Stegall and the temporary rental vehicle furnished by Lear Siegler to, and driven by, its district sales manager, Fugate. Fugate, who was on his way to Lear Siegler's office at 7:35 a.m. when the collision occurred, was arrested at the scene and charged with driving under the influence of alcohol. Although Fugate had previously been convicted of DUI, it is uncontroverted that appellant had no actual knowledge of Fugate's poor driving record. Stegall's complaint alleged causes of action against Lear Siegler for respondeat superior, negligent entrustment, and negligent hiring selection. The trial court granted Lear Siegler's motion for summary judgment with respect to the first two causes of action and denied summary judgment in favor of Lear Siegler on the negligent hiring claim. The ruling was certified for immediate review and we granted Lear Siegler's interlocutory appeal.

As no cross-appeal was filed by Stegall as to the remaining issues

covered in the trial court's order, this appeal involves only the propriety of the trial court's denial of summary judgment to appellant on appellee's claim of negligent hiring. We agree with appellant that summary judgment should have been granted. In reaching our decision, we have reviewed the case law pertaining to negligent hiring and have necessarily determined that *Hines v. Bell*, 104 Ga. App. 76 (3) (b) (120 SE2d 892) (1961), although never specifically overruled, has not been followed in subsequent cases and thus has been implicitly overruled. We therefore explicitly overrule *Hines* insofar as it holds that actual knowledge by an employer of an employee's dangerous propensities is a necessary element of a claim for negligent hiring.

Under the facts of this case, however, we agree with appellant that the theory of negligent hiring is conceptually inapplicable. Although it is true that the position for which appellant had recently hired Fugate would involve a great deal of driving throughout the sales district, after an orientation period of two to three weeks, it is uncontroverted that Fugate had not yet embarked on those duties and the record shows without contradiction that at the time the collision occurred, Fugate was neither at work nor traveling in the course of the employment for which he was hired, nor was his contact with appellee a function of his employment or appellant's business. Rather, as do most employees, Fugate was driving from his home to his employer's place of business, on his way to begin his second day of work.

An examination of the cases dealing with negligent hiring reveals that in each instance, at the very least the tortious act occurred during the tortfeasor's working hours or the employee was acting under color of employment. See, e.g., *Slater v. Canal Wood Corp.*, 178 Ga. App. 877 (2) (345 SE2d 71) (1986) (tortfeasor hauling logs pursuant to a contract with Canal Wood); *Slaton v. B & B Gulf Svc. Center*, 178 Ga. App. 701 (2) (344 SE2d 512) (1986) (tortfeasor employee attacked customer at service station); *Southern Bell &c. Co. v. Sharara*, 167 Ga. App. 665 (1) (307 SE2d 129) (1983) (plaintiff attacked by tortfeasor who was at her home installing a telephone); *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876 (3) (298 SE2d 600) (1982) (tortfeasor stole art work and became violent while selling securities); *Jester v. Hill*, 161 Ga. App. 778 (2) (288 SE2d 870) (1982) (tortfeasor misrepresented insurance coverage to customer.) While not apparent from the opinion, the record in that case reveals the incident in *Cherry v. Kelly Svcs.*, 171 Ga. App. 235 (2) (319 SE2d 463) (1984), also occurred during the tortfeasor employee's working day.

Furthermore, but for the fact that he was driving an automobile provided by appellant, Fugate's posture at the time of the collision was no different from any other employee driving to work. We decline to extend the parameters of the cause of action for negligent hiring so

as to require every business whose employees drive to work to investigate those employees' driving records before hiring, or expose themselves to liability.

Since the theory of negligent hiring has no applicability to these facts, the issue whether appellant sufficiently fulfilled its duty to exercise ordinary care in the hiring of Fugate is not material to the resolution of this case. As no material issue of fact remains for jury resolution, appellant was entitled to judgment as a matter of law, and the trial court's denial of summary judgment to appellant on this issue was erroneous and must be reversed. See *Cox Communications v. Lowe*, 173 Ga. App. 812, 815 (328 SE2d 384) (1985).

*Judgment reversed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., and Carley, J., concur. Beasley, J., concurs in the judgment only. Pope and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

While I agree fully with the majority that *Hines v. Bell*, 104 Ga. App. 76 (3c) (120 SE2d 892) (1961), must be overruled, I cannot agree with the majority's reversal of the trial court's denial of summary judgment to appellant on the ground that negligent hiring is not applicable in the case at bar.

The majority limits the application of a claim for negligent hiring to situations in which the tortious act occurred during the tortfeasor's working hours or while the employee was acting under color of employment.

The timing of a tort is not as important in a negligent hiring case as it is in a case relying upon the theory of respondeat superior, where the employer's liability is predicated upon the fact that the employee was acting within the scope of employment when the tortious act was committed. Where an employer/employee relationship exists but the tortious act occurs while the employee is acting outside the scope of his employment, the employer may be liable for negligent hiring if by dint of the hiring the employee/tortfeasor was placed in a position to harm others. The basis for the employer's liability is the placement of the tortfeasor in a position to do the harm that caused the third party's injury, not when the tort occurred.

I believe that an employer ordinarily has no duty to inquire into the background of a potential employee; however, when matters are brought to the employer's attention which should cause it to make inquiry, or when the employee's position is one which as a direct consequence of the hiring places the employee in circumstances which pose a potential for the infliction of harm upon others, then it is incumbent upon the employer to ask the potential employee about the employee's background insofar as the employee's suitability for the particular duties is involved. Except in plain and palpable instances,

it is for a jury to determine whether the employee's position is one to which the duty of inquiry attaches and, if so, whether the extent of the employer's inquiry was sufficient.

In the case at bar, appellant hired the tortfeasor, Fugate, to fill a position that, upon the completion of a two to three-week orientation period, called for a "great deal" of traveling by automobile throughout his assigned territory, Alabama, Georgia, and North and South Carolina. Appellant admitted that prior to hiring Fugate it did not ask him about his past driving record but did ascertain that Fugate had a valid driver's license. During pre-trial discovery, Fugate divulged that prior to his employment with appellant he had been convicted of driving under the influence and, in a separate incident, had been involved in a one-car collision.

Inasmuch as appellant, in the selection of an employee who as a direct consequence of his hiring would routinely be driving an automobile, "may have been duty bound to exercise a greater amount of care to ascertain its employee [was a good driver]" (*C. K. Security Systems v. Hartford &c. Indem. Co.*, 137 Ga. App. 159, 161 (223 SE2d 453) (1976)), I believe the trial court was correct in denying appellant's motion for summary judgment on appellee's negligent hiring claim. When appellant hired Fugate, it knew his job would entail a great amount of driving and, in point of fact, provided him with an automobile. It is up to the jury to determine whether appellant's ascertainment that Fugate had a valid driver's license sufficiently fulfilled its duty to exercise ordinary care.

The majority's fear that the denial of summary judgment to appellant in this case would expand the potential for negligent hiring liability to employers whose employees drive to work is not well founded. It is only an employer whose employee, as a direct consequence of the hiring, is placed in a position in which there exists the potential for the infliction of harm upon others that need beware. That does not include an employer whose employees drive their personal vehicles to work, because the mode of transportation they have chosen is not related to the position for which they were hired.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED JULY 16, 1987 —
REHEARING DENIED JULY 31, 1987 —

*R. Chris Irwin*, for appellant.
*David E. Tuszynski, Arnold Wright, Jr., Marvin A. Devlin*, for appellee.