## 46467. HARVEY FREEMAN & SONS, INC. v. STANLEY et al.
## 46468. HARVEY FREEMAN & SONS, INC. v. RIVERS et al.
### (378 SE2d 857)

MARSHALL, Chief Justice.

These were actions against an apartment-complex owner, its resident manager (Sandy Clark), and her husband, Daniel, for sexually abusive acts allegedly committed by the Clarks on the two female plaintiffs, who were 14-year-old tenants in the complex. Summary judgment was granted in favor of the defendant owner as to its liability under the theory of respondeat superior. The Court of Appeals affirmed the denial of the owner's motion for summary judgment as to its liability based on its negligent hiring/retention of the resident manager. *Harvey Freeman & Sons v. Stanley,* 189 Ga. App. 256 (375 SE2d 261) (1988). We granted certiorari to determine whether the theory of negligent hiring/retention is applicable to the facts of this case; if so, whether a sufficient evidentiary basis exists to create an issue of fact regarding whether the defendant owner had actual or constructive knowledge of the Clarks' tendencies; and whether it is proper to attribute the knowledge of the assistant manager to the owner.

1. "An examination of the cases dealing with negligent hiring reveals that in each instance, at the very least the tortious act oc-

curred during the tortfeasor's working hours or the employee was acting under color of employment." *Lear Siegler v. Stegall,* 184 Ga. App. 27, 28 (360 SE2d 619) (1987). As the Court of Appeals pointed out, the holding in *Lear Siegler* acts to shield employers from liability for those torts his employee commits on the public in general, whereas the evidence in this case is that the two minor female plaintiffs probably never would have even met the Clarks or gone to their apartment if the Clarks had been merely tenants, and that their whole relationship began because she was the resident manager. Thus, even aside from the fact that Mrs. Clark was expected to be available to the tenants 24 hours a day, the landlord's potential liability could rest on the special landlord-tenant relationship, even for acts which occurred in other than normal office hours and in other locations than the apartment complex. The Court of Appeals correctly held that the theory of negligent hiring/retention is applicable to the facts of this case.

2. There was sufficient evidence of at least constructive notice of the Clarks' tendencies to create a jury issue, as the Court of Appeals held. Mrs. Clark had worked for the previous owner of the apartments for three and a half weeks, and was retained by the defendant new owner, for whom she had worked for approximately 11 months before the first alleged tortious incident. There was testimony that it was pretty common knowledge among both tenants and employees that the Clarks used and sold illegal drugs, were sexually active "swingers," and that she had had lesbian relationships. There was evidence of both knowledge and rumor concerning the sexual relationships with the two minor plaintiffs. Even if the knowledge of the assistant resident manager is not imputed to the defendant owner, there was sufficient evidence of general and specific behavior aside from her knowledge to create a jury issue as to at least constructive knowledge. There was much conflict in the testimony, with the Clarks depicting the plaintiffs as being experienced with drugs and sex, and the plaintiffs claiming to be inexperienced in both areas, and feeling betrayed by the Clarks, whom they, as "latchkey kids," had trusted as their supposed friends and confidants. This merely creates issues of credibility for a jury.

3. In addition, the Court has considered another issue in the case, although it was not specified in the reasons for the grant of the writ of certiorari.

OCGA § 51-11-7 provides:

> If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's *negligence,* he is not entitled to recover. [Emphasis supplied.]

The Court of Appeals erred in holding that this statute on assump-

tion of risk/avoidance of danger has no bearing in this case for the reason that the injurious acts were intentional sexual assaults, and not merely negligent acts. While the defendants resident manager/agent and her husband allegedly committed intentional torts, the defendant owner is being sued in negligence (negligent hiring/retention). Under *Lassiter v. Poss*, 85 Ga. App. 785 (70 SE2d 411) (1952), while the standard of ordinary care of a child of 14 or 15 is presumptively that of an adult, the youth and inexperience of a child of this age are to be considered and the matter ordinarily left as a question of fact for the jury rather than as a matter of law for the court. Thus, as to the defendant owner, the jury may decide whether the plaintiffs contributed to their injury, to the extent that their age, experience, and circumstances permitted.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MAY 11, 1989.

R. *Chris Irwin, Kathleen M. Pacious*, for appellant.

*Calabro, Vogel & Jeannette, Michael M. Calabro, James R. Vogel, Larry F. Jeannette, Jr.*, for appellees.

*Thomas W. Bennett, J. Sherrod Taylor, Jefferson C. Callier*, amici curiae.