A89A1649. LUCAS v. HOSPITAL AUTHORITY OF
DOUGHERTY COUNTY.
(388 SE2d 871)

Deen, Presiding Judge.

On October 14, 1985, Milton Lucas was admitted to Phoebe Putney Memorial Hospital, where he underwent surgery to remove a growth from his right lung. Terri Rachals, a registered nurse, was assigned to care for him after his surgery in the surgical intensive care unit. Lucas subsequently suffered a heart attack of unknown cause on October 17, 1985. On October 18 and 19, Rachals gave him unauthorized injections of potassium chloride, which caused two episodes of sudden cardiovascular collapse. He died on October 19 shortly after receiving the second injection.

Rachals later confessed to giving lethal, unauthorized injections to Lucas as well as to four other patients at the hospital. She stated her reason for giving the injections to Lucas as wanting "to put him out of his misery."

Melva W. Lucas, the wife of the deceased, filed an action against the hospital and Rachals for the wrongful death of her husband. She contended that the hospital was liable for Rachals' actions under the doctrine of respondeat superior, and that it was negligent in the control, use, dispensation, and administration of potassium chloride, and in its failure to discover the cause of her husband's heart attacks. The trial court granted the hospital's motion for summary judgment and Melva Lucas appeals.

1. OCGA § 51-2-2 provides: "Every person shall be liable for torts committed by his wife, his child or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." "The true test [of voluntariness] is not whether the tort was committed by reason of anger, malice or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matters disconnected therewith, the master would not be liable." *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281, 282 (335 SE2d 667)

(1985). " 'If the criminal act of the [employee] was done within the range of his employment [in order to accomplish] the authorized business of the master, the latter is liable.' [Cit.]" *Pope v. Seaboard Air Line R. Co.*, 88 Ga. App. 557, 560 (77 SE2d 55) (1953). If, however, the tortious act were committed not by reason of the employment, but rather for purely personal reasons disconnected from the authorized business of the master, the master would not be liable. *Frazier v. Southern R. Co.*, 200 Ga. 590, 593 (37 SE2d 774) (1946); *Odom v. Hubeny, Inc.*, 179 Ga. App. 250, 251 (345 SE2d 886) (1986).

In the instant case, the hospital and Rachals were both pledged to the proper care, supervision and treatment of the patients. It cannot be said that Rachals was advancing or benefiting the hospital in any way by injecting certain patients with lethal doses of potassium chloride in order to "put them out of their misery." While Rachals may have been advancing the hospital's interests in giving *authorized* injections of potassium chloride, she clearly abandoned the hospital's interest and pursued only her own when she gave the lethal, unauthorized injections. See *Slaton v. B & B Gulf Svc. Center*, 178 Ga. App. 701, 702 (344 SE2d 512) (1986). The trial court properly granted summary judgment to the hospital on the issue of respondeat superior.

2. Appellant also contends that the hospital was negligent in its control, use, dispensation, and administration of potassium chloride, and in not determining the cause of her husband's heart attacks. The hospital countered these allegations on summary judgment by filing affidavits of nurses who worked with Rachals.

All of the affidavits state: "Affiant is familiar with the standards of the Joint Commission for the Accreditation of Hospitals regarding training, in service and monitoring of hiring and knows of her own personal knowledge what the standards were at the time Terri M. Rachals was hired and employed by Phoebe Putney Memorial Hospital [and] . . . knows of her own personal knowledge that with regard to the hiring, training, in service, and monitoring of Terri M. Rachals, there was no deviation from the standards of hospitals and recognized proper practices or the standards promulgated by the Joint Commission for the Accreditation of Hospitals." In short, the affidavits state that the hospital was not negligent in any way in the manner in which it permitted Rachals to have access to potassium chloride. We further note that the issue of failing to discover the cause of the decedent's heart attacks falls within the realm of medical diagnosis, which is the responsibility of the attending physician, not the hospital.

Appellant has failed to produce any evidence which would refute these affidavits and has not filed any counter affidavits. "When the defendant has made a motion for a summary judgment . . . , which motion is supported by affidavits, depositions or other evidentiary matter showing a prima facie right on the part of the defendant to

have a summary judgment rendered in his favor, the duty is cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions or affidavits, sufficient to show to the court that there is a genuine issue of fact to be decided by the jury." *Cochran v. Southern Business Univ.*, 110 Ga. App. 666 (139 SE2d 400) (1964). The appellant has failed to meet its burden of proof by failing to produce any rebuttal evidence to the hospital's supporting affidavits. Summary judgment was therefore properly granted by the trial court.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED NOVEMBER 20, 1989 — 

*Reinhardt & Whitley, Glenn Whitley, Robert C. Wilmot,* for appellant.

*Perry, Walters & Lippett, C. Richard Langley,* for appellee.