A92A0650. ADAMS v. MOFFATT et al.
(419 SE2d 318)

BEASLEY, Judge.
Adams sued Park Lane Limited, the owner of the apartment complex at which she resided, and Moffatt, resident manager of the

complex, for damage to personalty. It was alleged that Moffatt, without permission and in Adams' absence, entered Adams' apartment and poured bleach or some other chemical substance on Adams' clothes, causing $11,298 in damages. The four-count complaint sought recovery under theories of Moffatt's trespass upon the leasehold and the personalty and Park Lane's negligent employment of Moffatt. Adams contended that defendants' actions were wilful, intentional, and malicious, authorizing punitive damages.

Both defendants moved for summary judgment. In an order entered on October 17, 1990, the trial court granted Park Lane summary judgment on all issues and dismissed with prejudice all claims against it. There was no entry of a final judgment as to Park Lane pursuant to OCGA § 9-11-54 (b). In the same order, the court denied Moffatt's motion for summary judgment. At that time, plaintiff did not appeal the summary judgment and dismissal in favor of Park Lane.

On November 19, Park Lane moved for the imposition of litigation costs and attorney fees under OCGA § 9-15-14 (a) & (b). The court granted the motion on February 20, 1991, finding that plaintiff and her counsel had asserted claims against Park Lane with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim and that the claim lacked substantial justification. It awarded Park Lane the requested $8,000, jointly and severally against Adams and her attorney.

The case against remaining defendant Moffatt went to trial, during which the court granted Moffatt's motion for a mistrial. Moffatt also moved for dismissal with prejudice. On June 5, the trial court entered an order memorializing its grant of mistrial but dismissed the suit without prejudice and ordered that, upon further hearing, the court would consider an award of attorney fees to Moffatt.

On July 5, Adams filed a notice of appeal "from the judgment entered in this action on February 20, 1991," awarding attorney fees. An amendment to the notice of appeal was filed on July 23, in which Adams states that she is appealing "from the summary judgment entered in this action on October 20, 1990." Adams does not challenge the grant of mistrial or the dismissal without prejudice of the claim against Moffatt. Although it is not shown by the record in this case, she says she refiled the original complaint on November 27, 1991, pursuant to OCGA § 9-2-61 (a).

1. Jurisdiction.

Park Lane moves to dismiss the appeal on the bases that the notice of appeal pertaining to the motion for summary judgment was not timely and that the appeal of the OCGA § 9-15-14 award must be sought through an application for discretionary appeal.

In her amended notice of appeal, Adams seeks review of the

grant of summary judgment to Park Lane in addition to the award under OCGA § 9-15-14. "The entry of a judgment as to one or more but fewer than all of the claims or parties is not a final judgment under [OCGA § 5-6-34 (a)] and lacks res judicata effect unless the trial court makes an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists. [OCGA § 9-11-54 (b)]; [Cits.] If the trial court does certify that the judgment is final and ripe for review under [OCGA § 9-11-54 (b)], the time for appeal begins to run. . . .

"But [OCGA § 9-11-56 (h)] also gives a losing party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final under [OCGA § 5-6-34 (a)] or [OCGA § 9-11-54 (b)]. . . . [OCGA § 9-11-56 (h)] is an exception to the finality rule which is for the benefit of the losing party. The party against whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment. Therefore, when the losing party appeals after the rendition of the final judgment, the grant of summary judgment is still subject to appellate review." *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978).

Since the trial court did not certify as final under OCGA § 9-11-54 (b), the summary judgment and dismissal of claims in favor of Park Lane, Adams did not have to appeal the ruling at the time it was rendered. She instead could elect to wait for final judgment in the case and file a timely notice of appeal from such final judgment. She did so by filing a timely notice of appeal after the final judgment, which was the June 5 order granting the mistrial as to remaining defendant Moffatt and dismissing the suit against her without prejudice.

As to the appealability of the OCGA § 9-15-14 award, "a judgment awarding attorney fees and costs of litigation pursuant to OCGA § 9-15-14 may be reviewed on direct appeal, when it is appealed as part of a judgment that is directly appealable." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 526 (4) (a) (360 SE2d 566) (1987). Otherwise, such an award must be appealed by application pursuant to OCGA § 5-6-35 (a) (10). *Martin v. Outz,* 257 Ga. 211 (357 SE2d 91) (1987). Inasmuch as the grant of summary judgment and dismissal in favor of Park Lane is directly appealable, the OCGA § 9-15-14 award may be reviewed as well.

Park Lane's motion to dismiss the appeal is denied. See *Stancil v. Gwinnett County,* 259 Ga. 507, 508 (384 SE2d 666) (1989).

2. Summary judgment and dismissal in favor of Park Lane.

The sole theory of recovery advanced against Park Lane was its alleged negligent hiring or employment of Moffatt. "An examination of the cases dealing with negligent hiring reveals that in each in-

stance, at the very least the tortious act occurred during the tortfeasor's working hours or the employee was acting under color of employment. [Cits.]" *Lear Siegler, Inc. v. Stegall*, 184 Ga. App. 27, 28 (360 SE2d 619) (1987). Plaintiff alleged that Moffatt entered her apartment and poured the substance on her clothes sometime between 11:00 p.m. on June 4 and 1:30 a.m. on June 5. The undisputed evidence is that Moffatt's duty hours as general manager of Park Lane were from 9:00 a.m. to approximately 6:00 p.m. with a break for lunch, and that on June 4, Moffatt left the management office at approximately 8:00 p.m. and was off duty from then until the following morning.

Even if the alleged tortious act was done during Moffatt's working hours or under color of her employment because of the special landlord-tenant relationship, see *Harvey Freeman & Sons v. Stanley,* 259 Ga. 233, 234 (1) (378 SE2d 857) (1989), the claim of negligent hiring still fails as a matter of law.

"The standard in negligent hiring cases is whether 'the hirer knew, *or in the exercise of ordinary care should have known,* that the servant was incompetent and that the incompetency resulted in damage to the party to whom the servant was hired.' [Cits.]" *Cherry v. Kelly Svcs.*, 171 Ga. App. 235, 236 (2) (319 SE2d 463) (1984).

The record establishes the following. As of June 1, 1990, Moffatt had been employed by Park Lane as general manager for approximately 11 years. To be hired as general manager of Park Lane, an individual must have a minimum of a high school education, supply appropriate references, have a stable prior employment, be of high personal character and integrity, and, in the judgment of management, be able to deal with a large number of diverse personalities under frequently tense situations involving such matters as physical plant problems, neighbor problems, late rental payment situations and the like. Moffatt graduated high school, attended college, and has been a member of the Institute of Real Estate Management since 1982. Moffatt is a certified property manager by The Institute of Real Estate Management. To become a Certified Property Manager (CPM), there must be a minimum of five years experience in managing over four hundred apartment units or a combination of square footage of that many units and the completion of three courses, among other things. A CPM is a prestigious designation within the property management field. Moffatt had never been arrested or convicted of any criminal offense.

Park Lane's uncontroverted evidence that Moffatt was professionally competent to be its general manager eviscerated the claim of negligent hiring and mandated judgment in favor of Park Lane as a matter of law. See *Lau's Corp. v. Haskins,* 261 Ga. 491, 495 (4) (405 SE2d 474) (1991), as to the burden on the summary judgment mo-

vant.

3. The OCGA § 9-15-14 award.

"Pursuant to subsection (e) of OCGA § 9-15-14, a claim for reasonable and necessary attorney fees and expenses of litigation to punish or deter litigation abuses must be brought 'within 45 days after the final disposition of the (underlying) action.' " *Abrahamsen v. McDonald's Corp.*, 197 Ga. App. 624, 625 (1) (398 SE2d 861) (1990).

The motion for fees and expenses was filed and it was granted prior to the dismissal without prejudice on June 5. The court was not authorized, timewise, to enter an award of fees under OCGA § 9-15-14 and the premature award must be reversed. Id.

4. Park Lane's motion for frivolous appeal damages pursuant to OCGA § 5-6-6 is denied.

*Judgment of grant of summary judgment and dismissal with prejudice affirmed. Judgment of OCGA § 9-15-14 award reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 1992.

*Mary P. Schildmeyer,* for appellant.
*William M. Warner, James E. Gilson,* for appellees.