**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 31, 2019**

# In the Court of Appeals of Georgia

A19A1503. AVIS RENT A CAR SYSTEM, LLC et al. v. SMITH.
A19A1504. CSYG, INC. et al. v. SMITH.

MCFADDEN, Chief Judge.

Adrienne Danielle Smith was seriously injured when she was struck by a sport utility vehicle that had been stolen from an Avis car rental lot in downtown Atlanta. She sued Avis Rent A Car System, LLC, Avis Budget Group, Inc., and Peter Duca, a regional security manager for Avis (together, "Avis"), as well as CSYG, Inc., the operator of the downtown Avis location, and Yonas Gebremichael, CSYG's owner. Smith also sued Byron Perry, the former CSYG employee who stole the vehicle.

After a 10-day trial, the jury returned a $47 million verdict in favor of Smith apportioned among the defendants. Avis filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial, Perry filed a motion for new trial

(which he later dismissed), and CSYG and Gebremichael filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial. The trial court denied the motions. Avis, CSYG, and Gebremichael appeal.

Today's opinion in the companion case, *Avis Rent-a-Car System v. Johnson*, __ Ga. App. __ (__ SE2d __) (Case No. A19A0928, decided October 31, 2019), holds that Perry's intervening criminal acts were the proximate cause of the injuries inflicted here. Accordingly we now hold that Perry's intervening criminal acts were the proximate cause of Smith's injuries, so the defendants are entitled to judgment on her claims arising from the defendants' alleged failure to secure the vehicle and the premises; that the trial court erred by entering judgment against Avis Rent A Car System and Avis Budget Group for the percentages of fault the jury apportioned to CSYG, Gebremichael, and Duca; that the trial court erred by denying CSYG and Gebremichael's motion for directed verdict on any claim that they are vicariously liable for Perry's negligence; that Perry was not acting under color of employment when he committed his criminal acts, so CSYG and Gebremichael are entitled to judgment on Smith's negligent hiring and retention claims; and that Gebremichael cannot be held personally liable. So we reverse in both cases.

1. *Facts and procedural posture.*

Viewed in the light most favorable to Smith, *Jones v. Sperau*, 275 Ga. 213 (1) (563 SE2d 863) (2002), the trial evidence showed that CSYG operated an Avis car rental lot on Courtland Street in downtown Atlanta. CSYG hired Byron Perry to wash and refuel cars at the location. On the night of August 23, 2013, after the Avis lot had closed at 7 p.m. and Perry and the other employees had left the premises, Perry apparently returned and stole a Ford Edge sport utility vehicle from the lot. Perry intended to sell the vehicle.

Shortly before midnight, five hours after the lot had closed, the driver of the stolen Ford Edge was fleeing from police when the vehicle crashed into a brick wall. Smith and her friend, Brianna Johnson, were sitting on the wall at the time of the collision and were seriously injured. The location of the collision was 20 minutes away from the Avis lot. Perry, who was in the vehicle, fled from the scene and later pled guilty to multiple crimes arising from the incident, including serious injury by vehicle, reckless driving, hit and run, fleeing or attempting to elude police, and theft by taking.

Smith filed this lawsuit to recover for her injuries, and the jury returned a $47 million verdict in her favor against all defendants. The jury returned a special verdict, finding that Avis Rent a Car System, LLC and Avis Budget Group, Inc. were 50

3

percent at fault; CSYG, Inc. was 15 percent at fault; Gebremichael and Duca were each 1 percent at fault; and Perry was 33 percent at fault. (The jury also found that "N. O.," an unidentified person whom Perry claimed was involved in the theft of the vehicle, was zero percent at fault.) The jury found that CSYG was an employee of Avis Rent A Car System, LLC and Avis Budget Group, Inc. Finally, it found that only Perry was liable to Smith for punitive damages.

These appeals follow the trial court's denial of Avis's and CSYG and Gebremichael's motions for judgment notwithstanding the verdict or, in the alternative, for new trial.

2. *Failing to secure the vehicle and premises and negligent hiring and retention.*

As we held in *Avis Rent A Car System v. Johnson*, __ Ga. App. __, __ (2) (b) (__ SE2d __) (Case No. A19A0928, decided October 31, 2019), any breach of duty to secure the premises and the stolen vehicle was not the proximate cause of Smith's injuries, given Perry's intervening criminal conduct. So the defendants were entitled to judgment as a matter of law on Smith's claims arising from the defendants' alleged failure to secure the vehicle and premises, see id., and we will next address those

4

issues arising from CSYG and Gebremichael's employment of Perry, including the imposition of vicarious liability on Avis for the fault apportioned to them.

3. *Judgment's imposition of vicarious liability for fault apportioned to CSYG and Gebremichael*.

Avis argues that the trial court erred by entering judgment against Avis for the percentages of fault apportioned to CSYG and Gebremichael. We agree.

The jury's verdict did not specify the theories upon which the jury decided the case. The special verdict form simply asked the jury to determine whether Smith was entitled to recover from the various defendants; to determine whether CSYG was an independent contractor or an employee of Avis; to determine the monetary amount of damages Smith suffered; and to apportion the percentages of fault amongst the defendants. The jury found Avis Rent A Car System and Avis Budget Group to be 50 percent at fault; Perry to be 33 percent at fault; CSYG to be 15 percent at fault; and Gebremichael and Duca each to be 1 percent at fault.

When the trial court entered judgment on the verdict, however, the court made Avis liable for the fault the jury had assigned to Gebremichael and CSYG. The trial court entered judgment on the verdict as follows:

5

Plaintiff shall recover from Defendants Avis Rent A Car System, LLC and Avis Budget Group, Inc. ("Avis Defendants") the sum of $31,490,000.00. This constitutes (a) damages for the 50% fault the jury assigned to the Avis Defendants ($23,500,000.00), plus (b) damages for the 15% fault the jury assigned to Defendant CSYG, Inc. ($7,050,000.00), plus (c) damages for the 1% fault the jury assigned to Defendant Yonas Gebremichael ($470,000.00), plus (d) damages for the 1% fault the jury assigned to Peter Duca ($470,000.00). The Avis Defendants are jointly and severally liable with CSYG, Inc. because the jury expressly found, by special verdict, that CSYG is an "Employee" of the Avis Defendants and, thus, the Avis Defendants are vicariously liable for CSYG.

Avis argues that the trial court erred by entering a judgment that made it liable for the 16 percent of fault the jury had assigned to CSYG and Gebremichael. The applicable provision of the apportionment statute is OCGA § 51-12-33 (b), which provides:

Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. *Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be*

6

*a joint liability among the persons liable*, and shall not be subject to any right of contribution.

(Emphasis supplied). "This provision addresses liability, not merely fault, and by defining the liability of each person against whom damages are awarded and prohibiting joint liability, it seems generally to preclude any post-verdict reassignment of damages based on the jury's apportionment of fault." *Camelot Club Condo. Assn. v. Afari-Opoku*, 340 Ga. App. 618, 626 (2) (b) (798 SE2d 241) (2017).

Smith argues that because the jury found that CSYG is an employee of Avis, Avis is vicariously liable for CSYG's negligence, and the trial court properly entered a judgment reflecting that vicarious liability. But Smith asserted some claims against CSYG and Gebremichael for which Avis could be vicariously liable and other claims for which Avis might not be vicariously liable. And because the verdict form did not ask the jury to specify the theories upon which it decided the case, "[w]e cannot determine. . . [on] which of [Smith's] claims the jury, in its prerogative, based its award. . . . Therefore, we find that the trial court erred in imposing liability on [Avis Rent A Car System and Avis Budget Group] for [CSYG's, Gebremichael's, and Duca's] share of fault." *Camelot Club*, 340 Ga App. at 629 (2) (b) (citation omitted). Accordingly, we vacate the portion of the trial court's judgment imposing vicarious

7

liability on Avis Rent A Car System and Avis Budget Group. See id. Compare *PN Express v. Zegel*, 304 Ga. App. 672, 680 (5) (697 SE2d 226) (2010) (the apportionment statute does not apply where a defendant employer faces *only vicarious liability* under the doctrine of respondeat superior because the employer and employee "are regarded as a single tortfeasor" ).

4. *Vicarious liability for Perry's acts*.

CSYG and Gebremichael argue that the trial court erred by denying their motion for directed verdict on Smith's claims seeking to hold them vicariously liable for Perry's acts. We agree.

Smith alleged in her complaint that CSYG (but not Gebremichael) was vicariously liable for Perry's conduct. But in response to CSYG and Gebremichael's motion for directed verdict on the issue of vicarious liability for Perry's conduct, Smith stated she was not seeking to hold the defendants vicariously liable for Perry's conduct. Nonetheless, the trial court denied the motion for directed verdict, and he charged the jury on principles of vicarious liability without specifying that Smith did not seek to hold the defendants liable for Perry's conduct.

As detailed above, the verdict did not specify the theories upon which the jury decided the case. The special verdict form simply asked whether Smith was entitled

8

to recover from the various defendants. So the jury could have found CSYG and Gebremichael liable on theories of direct negligence or on theories of vicarious liability, even though Smith did not assert such a claim. "[W]hen a case is submitted to a jury on both erroneous and proper bases and the jury returns a general verdict such that we cannot determine on which basis the verdict was entered, the verdict cannot stand." *Southeastern Pain Specialists v. Brown*, 303 Ga. 265, 273 (2) (b) (811 SE2d 360) (2018). "As it is uncertain which cause of action the jury considered in awarding the damages, they being at liberty under the charge of the court to consider both [theories of direct and vicarious liability], the verdict must be set aside. . . ." *Southern Railway Co. v. Hardin*, 107 Ga. 379, 383 (33 SE 436) (1899).

5. *Negligent hiring and retention*.

CSYG and Gebremichael argue that they were entitled to a directed verdict on Smith's claims that they negligently hired and retained Perry because he was not acting under color of employment when he collided with Smith. We agree that CSYG and Gebremichael were entitled to a directed verdict on this claim.

An employer "is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency[.]" OCGA § 34-7-20. But "to be actionable, the [employee's] tortious act must occur during the [employee's]

9

working hours or while the employee is acting under color of employment. An employer is shielded from liability for those torts his employee commits on the public in general." *Herrin Business Products v. Ergle*, 254 Ga. App. 713, 718 (4) (563 SE2d 442) (2002) (negligent retention). See also *Lear Siegler v. Stegall*, 184 Ga. App. 27 (360 SE2d 619) (1987) (negligent hiring). Here, it is undisputed that Perry's tortious act did not occur during his working hours, so Smith was required to present evidence that he was acting under color of employment. But the evidence showed that Perry was not acting under color of employment when he committed his criminal acts.

Our cases do not clearly define the meaning of "under color of employment" in this context. In *TGM Ashley Lakes v. Jennings*, 264 Ga. App. 456, 459 (1) (a) (590 SE2d 807) (2003), we held that "liability does not attach if the employee committed the tort in a setting or under circumstances wholly unrelated to his employment." Based on this language, Smith argues that if conduct "bears any relationship at all" to employment, it is under color of employment. We disagree. In the cases in which we have held that a jury could find an employee acted under color of employment, the employee's "contact with [the plaintiff was] a function of his employment or [the employer's] business," *Lear Siegler*, 184 Ga. App. at 28, or the employee used some lawful aspect of his employment to enable the commission of the tort. In every case,

10

the employer-related conduct that allowed the employee to commit the tort was conduct in the performance of his duties, or conduct permitted by, approved by, or allowed by the employer. See *Harvey Freeman & Sons v. Stanley*, 259 Ga. 233, 233-234 (1) (378 SE2d 857) (1989) (jury could find that resident manager of apartment complex was acting under color of employment when relationship with minor tenant plaintiffs, who claimed resident manager and her husband sexually abused them, "began because she was the resident manager," given "special landlord-tenant relationship"); *Graham v. City of Duluth*, 328 Ga. App. 496 (759 SE2d 645) (2014) (jury could find that off-duty police officer was acting under color of employment at the time he attacked plaintiff because "he made several objective displays of authority to [plaintiff], including telling her that he was a police officer, putting on his vest with his radio attached, showing her his badge, and instructing her to summon him help," he "attacked her with his Department-issued pepper spray before engaging in a shoot out with his Department-issued service weapon, striking [the plaintiff's] car and a fellow officer who came to the scene to help"); *Allen v. Zion Baptist Church*, 328 Ga. App. 208, 212 (1) (a) (761 SE2d 605) (2014) (jury could find church volunteer was acting under color of employment as youth group volunteer when he molested victim, given that his presence at church activities had the tacit approval of

11

church authorities; volunteer met the victim at the church; molestation occurred when volunteer invited the victim to church's fall festival; volunteer told victim's mother that he was a youth leader and asked if the victim could attend the festival, and attack took place immediately afterward next to church property); *TGM Ashley Lakes*, 264 Ga. App. at 459 (1) (a) (apartment complex could be held liable for negligent hiring and retention of maintenance worker who was given access to residents' keys and murdered a resident in her apartment); *Underberg v. Southern Alarm*, 284 Ga. App. 108, 115 (2) (643 SE2d 374) (2007) (although alarm company salesman gained entrance to victim's house through an unlocked door without using his status as an employee to do so, a jury could infer that alarm company gave victim's name and address to salesman as a potential lead).

Here, on the other hand, the facts that Smith asserts show that Perry was acting under color of employment were actions Perry took against the defendants' interests or even crimes of which the defendants were victims. She argues that some evidence supported the conclusion that Perry previously had stolen a car from the Courtland Street Avis, informing him that the defendants were uninterested in investigating theft. But the defendants would have been the victim of that crime. Smith argues that Perry obtained the ignition key to the Ford Edge while cleaning the vehicle. But

12

stealing the ignition key was not in the defendants' interests. Smith argues that some evidence supported the conclusion that Perry's employment gave him the means to take a gate key, which allowed him to access the vehicle after closing hours. But stealing the gate key was not in the defendants' interests. Smith argues that Perry's employment taught him that there were no cameras at the Courtland Street location and taught him how the inventory procedure worked. But casing the premises to enable theft was not in the defendants' interest.

Smith argues that Perry had the opportunity to steal the Ford Edge because he worked at the Courtland Street location and that he occupied the stolen vehicle when the vehicle hit Smith. But she implicitly concedes that simply working for the defendants and being in the vehicle are insufficient to render his tort under color of employment. In short, none of his conduct demonstrates that Perry was acting under a pretense of employment when he injured Smith. Nor was this conduct related in some meaningful way to the purpose of his employment, the performance of his duties, or the interests of the defendants. So Perry was not acting under color of employment when he committed the tort. Instead, "[w]ith regard to [CSYG and Gebremichael], at the time [of the tortious act, Smith] was merely a member of the general public[,]" *New Madison South Partnership v. Gardner*, 231 Ga. App. 730,

13

735 (2) (499 SE2d 133) (1998), so CSYG and Gebremichael were entitled to judgment on her claims for negligent hiring and retention. *Lear Siegler*, 184 Ga. App. at 28-29.

6. *Gebremichael's individual liability*.

Smith argues that Gebremichael can be held personally liable for his own tortious conduct, including hiring and retaining Perry, failing to secure the vehicles, and negligently training his employees. As discussed in Division 5, supra, any negligent hiring and retention claim fails, so Gebremichael cannot be held personally liable for negligent hiring and retention. And as discussed in Division 2, supra, the failure to secure the vehicles was not the proximate cause of Smith's injuries, so Gebremichael cannot be held personally liable for failing to secure the vehicles.

Smith's argument that Gebremichael can be held personally liable for negligent training also fails. That argument is based on Smith's claim that Gebremichael negligently trained the employee who took inventory the night the Ford Edge was stolen. But, as noted, the failure to secure the vehicle was not the proximate cause of Smith's injuries. "There must be a causal link between the alleged breach of duty and the injury caused, and [Smith] fail[ed] to show how lack of training . . .

14

caused her injury." *La Petite Academy v. Turner*, 247 Ga. App. 360, 362 (1) (543 SE2d 393) (2000).

The trial court erred in denying Gebremichael's motion for directed verdict on Smith's claims seeking to hold him personally liable.

7. *Remaining enumerations of error*.

In light of this disposition, we do not reach CSYG and Gebremichael's remaining enumerations of error.

*Judgments reversed in Case No. A19A1503 and Case No. A19A1504. McMillian, P.J., concurs fully in Divisions 1, 2 and 7, and in the judgment only as to Divisions 3, 4, 5 and 6. Mercier, J., concurs fully in Divisions 1, 2, 3 and 7, and in the judgment only as to Divisions 4, 5 and 6.\**

**\* DIVISIONS 3, 4, 5 AND 6 OF THIS OPINION ARE PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**