## 19662. FICKEN *v.* SOUTHERN COTTON OIL COMPANY.

STEPHENS, J. 1. No legal duty rests upon a person to exercise any degree of care or diligence to protect another against the hazards of a perilous situation brought about through no fault of the former. *Allen* v. *Hixson,* 111 *Ga.* 460 (36 S. E. 819); *DeVane* v. *Atlanta &c. Railroad Co.,* 4 *Ga. App.* 136 (60 S. E. 1079).

2. Where one who, while sitting on a seat attached to ropes suspended from a structure, viz. a water-tank, which he is painting, faints and becomes unconscious, and his body becomes entangled in the ropes and he is suspended in the air high from the ground and in imminent danger of falling, his employer in control of the premises is, on becoming acquainted with this situation, under no legal duty to exercise any degree of care or diligence to extricate the hapless man from his perilous condition or to render the premises safe against the influx of trespassers who come upon the premises and tamper with ropes suspended within their reach, and by so doing cause the person suspended in the air to fall to the ground and receive injuries which cause his death.

3. In a suit against the employer by the wife of the dead man to recover damages for the homicide the petition failed to set out a cause of action and was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 31, 1930.

*E. Harold Sheats, George G. Finch,* for plaintiff.
*Harold Hirsch, John P. Stewart,* for defendant.