A01A1908, A01A1909. HERRIN BUSINESS PRODUCTS, INC.
v. ERGLE et al.; and vice versa.
(563 SE2d 442)

JOHNSON, Presiding Judge.

This is a wrongful death case arising out of an automobile collision in which Monica Ergle was killed when her car was struck by a pickup truck driven by Brian Edwards. Ergle's husband, Robert ("Ergle"), acting individually and as representative of his late wife's estate, brought the action against Edwards, his employer Herrin Business Products, Inc. ("Herrin"), and others. Herrin moved for summary judgment, and the trial court granted the motion in part. Herrin then sought interlocutory review of the trial court's order to the extent it denied the remaining portions of its motion for summary judgment, and this court granted Herrin's application. In Case No. A01A1908, Herrin appeals the denial of its motion for summary judgment. In the companion case, Case No. A01A1909, Ergle appeals the trial court's grant of partial summary judgment to Herrin.

Edwards was a diabetic and had exhibited symptoms of low blood-sugar levels shortly before leaving his job at Herrin at the end of his shift on the day of the collision. In order to alleviate his symptoms, fellow employees at Herrin gave Edwards food and a beverage and had him wait a few minutes after he had consumed the food before leaving. A short time after he left, Edwards drove his pickup truck onto the wrong side of a divided highway and collided with Monica Ergle's vehicle. Monica Ergle died in the collision.

In his lawsuit, Ergle claimed Herrin was negligent in failing to satisfy the duties it assumed in attempting to render aid to Edwards, and in retaining an incompetent employee.

Herrin argued below that it was entitled to summary judgment because: (a) it is exempt from liability in rendering gratuitous emergency care, based on the Good Samaritan statute; (b) it is not liable under Restatement of Torts (Second), § 324A because there is no evidence that its actions in performing an assumed duty increased the risk of harm to third persons; and (c) it could not be held liable for negligent retention of an employee when the injury occurred during the employee's commute from work. The trial court granted Herrin's motion for summary judgment as to Ergle's claim that Herrin was negligent in retaining Edwards as an employee, but denied its summary judgment motion as to Ergle's claim that it is liable because it was negligent in performing an assumed duty. It also denied the

motion as to Herrin's affirmative defense based on its claim of immunity under Georgia's Good Samaritan statute.

Edwards had been an employee of Herrin for about two years before the date of the collision giving rise to this case. His job involved delivering and moving copying equipment. Although his job duties included driving a truck, he had not driven for Herrin for several months before the collision with Ergle occurred. Instead, he rode as a passenger in a company truck driven by another employee. Despite his diabetes, Edwards chronically displayed an inability or unwillingness to control his blood-sugar level. As a result, he was often unresponsive and displayed symptoms of lethargy at work. This occurred two or three times per month. Consequently, there were many occasions when fellow employees provided him with food and drink and more or less forced him to consume it. This usually resulted in the alleviation of his symptoms within a matter of minutes. Edwards' recovery would "almost be instantaneous."

On November 2, 1998, around 3:15 or 4:00 p.m., Edwards and a co-worker were delivering equipment when the co-worker noticed that Edwards was lethargic and unresponsive. The co-worker allowed Edwards to sit and wait while he accomplished the work at hand. The co-worker then drove the men back to the company office, arriving around 4:15 to 4:45 p.m. The exact time frame is in conflict, but it is uncontroverted that Edwards was not provided with any food or drink prior to the return to the office. And it is also uncontroverted that the work day was drawing to an end when Edwards and his co-worker arrived back at the office.

Once Edwards arrived back at the office, he started to get into his truck and leave for the day. A co-worker told Paul Herrin, who is one of Edwards' supervisors, that Edwards was having one of his diabetic attacks and needed something to eat. Although Edwards appeared to be in a hurry to leave work, Paul Herrin had him wait. From his own funds and without any expectation of reimbursement, Paul Herrin gave another employee money to go to a nearby restaurant to obtain food and a soft drink for Edwards. The employee brought the food and drink to Edwards and watched as he began to consume it. Within five or ten minutes, when Edwards again started to leave the office, Paul Herrin asked if he was okay. Edwards replied that he was fine. Paul Herrin asked Edwards if he had eaten the food, and Edwards responded that he had eaten some of it. Edwards' speech was normal, and he did not appear to be experiencing any problems. The work day now over, Edwards left for the day, driving his own pickup truck and taking the rest of the food with him.

Approximately ten to eighteen minutes later, while speeding and driving on the wrong side of a divided highway, Edwards was involved in the subject collision. Medical tests showed that Edwards

had a dangerously low blood-sugar level at the time. Monica Ergle was killed in the collision.

## Case No. A01A1908

1. Herrin contends that the trial court erred in denying its motion for summary judgment because it is exempt from civil liability as a "Good Samaritan" pursuant to OCGA § 51-1-29. We agree with the trial court that the Good Samaritan statute does not apply.

OCGA § 51-1-29 provides, in relevant part, that any person who in good faith renders emergency care at the scene of an accident or emergency without making any charge therefor shall not be liable for civil damages as a result of any act or omission by such person in rendering emergency care or as a result of any failure to act to provide or arrange for further medical treatment or care.

The Good Samaritan statute is inapplicable since the very repetitive nature of Edwards' blood-sugar problems at work removed the incidents from any reasonable definition of emergency.[1] The incidents had become a regular event in the lives of Edwards and his co-workers. Moreover, on the day of the incident, the fact that Edwards sat for about an hour while others continued working, was transported back to the office with no particular urgency, was given food and an opportunity to consume portions of it, waited, and then left takes the incident out of the statute's "emergency" category. The trial court correctly denied Herrin's motion for summary judgment based on this affirmative defense.

2. Herrin contends the trial court erred in denying its motion for summary judgment on Ergle's remaining claim, that Herrin was negligent in that it undertook a duty to render aid to Edwards, but then failed to make certain that he was competent to drive before allowing him to leave work. According to Herrin, it was entitled to summary judgment because there was no evidence that the actions it took increased the risk of harm to Ergle. We agree with Herrin that it was entitled to summary judgment on this issue.

Ergle's cause of action is based on § 324A of the Restatement (Second) of Torts, which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to pro-

---

[1] See generally *Henry v. Barfield,* 186 Ga. App. 423, 424 (1) (367 SE2d 289) (1988) (physical precedent only); *Clayton v. Kelly,* 183 Ga. App. 45, 47 (357 SE2d 865) (1987).

tect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[2]

Of these three conditions, only the first, the increase of the risk of harm, arguably applies to the facts in the case before us. Therefore, Herrin would not be liable to Ergle as a matter of law if the record indicates that any negligence in performing its undertaken duty did not increase the risk of harm to the decedent.[3] Under *Lau's Corp. v. Haskins*,[4] Herrin is not required to prove the negative fact but may rely on the absence of proof by Ergle.[5] The evidence shows that upon noticing that Edwards was experiencing symptoms of his diabetes, Herrin employees kept Edwards from driving away, provided him with nourishment, had him sit and consume some of the food and drink, and then assumed, based on his appearance, his responses, and their past experiences of successfully alleviating his symptoms, that he had recovered from his symptoms as they watched him leave. There was no evidence whatsoever that these actions by Herrin increased the risk of harm Edwards presented to other drivers. As the trial court alluded to in its order, if there had been any increased risk of harm, it might have been shown by medical evidence explaining such matters as the effects of eating, drinking, or time lapse on a person experiencing diabetic shock and how these factors affect a person's ability to drive. The lack of any such evidence authorized and required the grant of summary judgment in favor of Herrin.

Furthermore, Ergle has not presented evidence that Herrin could have lawfully prevented Edwards from driving away. It is not disputed that his work day was over, and he was off the clock. Herrin had no supervisory authority or control over Edwards under these circumstances, and its failure to restrict him from driving could not be a supervening or contributing proximate cause of the collision. For this reason as well, Herrin was entitled to judgment as a matter of law.

---

[2] See *Magueur v. Dept. of Transp.*, 248 Ga. App. 575, 576 (547 SE2d 304) (2001).

[3] Contrary to Ergle's contention on appeal, Herrin did make this argument in the trial court. See the supplemental brief Herrin filed on November 7, 2000, in support of its motion for summary judgment. Ergle initially raised the issue of liability under the Restatement in a responsive brief filed on August 30, 2000.

[4] 261 Ga. 491 (405 SE2d 474) (1991).

[5] See *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439, 440 (491 SE2d 881) (1997) (physical precedent only); *Caven v. Warehouse Home &c.*, 209 Ga. App. 706 (434 SE2d 532) (1993).

## Case No. A01A1909

3. Ergle complains that the trial court erred in granting summary judgment to Herrin on the issue of whether its role as Edwards' employer imposed upon it a duty to come to Edwards' assistance and to do so without negligence. Specifically, Ergle urges that when Edwards became helpless while in the scope of his employment and while under the control of his employer, Herrin had "a duty to get defendant Edwards to a place of safety, not just to watch him drive off."

In general, an employer has no legal duty to exercise any degree of care or diligence to protect an employee from the hazards of a perilous situation brought about through no fault of the employer.[6] Ergle has not shown that the situation presented in this case comes within any exception to this rule.[7]

4. Ergle contends the trial court erred in granting summary judgment to Herrin on the theory of negligent retention of an incompetent employee. The incompetency, Ergle argues, was that Edwards failed or refused to monitor or control his diabetes. Although Ergle's argument is not clear, he seems to argue that Edwards' failure to control his diabetes rendered him incompetent, that Herrin knew of this incompetence, that Herrin should have foreseen that Edwards' incompetence would cause him to be a dangerous driver, and that Herrin was negligent in not firing Edwards before the accident occurred. The trial court correctly granted Herrin summary judgment as to this claim.

Pursuant to OCGA § 34-7-20, an employer must not retain an employee when the employer has knowledge of his incompetency.[8] In order to sustain a claim for negligent retention, a claimant must show that the employer knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury.[9] Proof of such propensity must consist of evidence substantially related to the injury-causing conduct.[10]

Here, there was no evidence that Herrin knew that Edwards had a propensity to drive, let alone drive dangerously, while he was suffering from low blood-sugar levels. In fact, he had not been driving for Herrin for several months before the accident. Nor is there any

---

[6] *Ficken v. Southern Cotton Oil Co.*, 40 Ga. App. 841 (151 SE 688) (1930).

[7] See, e.g., *Bell v. Norfolk Southern R. Co.*, 222 Ga. App. 788, 789 (2) (476 SE2d 3) (1996) (in FELA cases, an employer must render medical assistance when an employee, to the employer's knowledge, becomes so seriously ill while at work as to render him helpless to obtain medical aid or assistance for himself).

[8] *Tecumseh Products Co. v. Rigdon*, 250 Ga. App. 739, 740 (1) (552 SE2d 910) (2001).

[9] Id.

[10] Id. at 741 (1).

evidence that Edwards ever drove home impaired before the day at issue. The evidence simply does not show that the employer knew or should have known that Edwards had a propensity to engage in the conduct which caused Ergle's injury.

Furthermore, Edwards was not acting within the course of his employment when the accident occurred. Edwards left work and was driving home at the time of the accident. Generally, a claim for negligent retention cannot be brought as a result of injuries caused by an employee during his commute from work since, to be actionable, the tortious act must occur during the tortfeasor's working hours or while the employee is acting under color of employment.[11] An employer is shielded from liability for those torts his employee commits on the public in general.[12] Herrin is not liable to Ergle for injuries resulting from Edwards' commute home.

5. In sum, even though Herrin is not shielded from liability under the Good Samaritan statute, as a matter of law it cannot be held liable under the Restatement of Torts, § 324A, or for negligent retention of an employee, or for failing to help an employee. Because Ergle has no viable claims remaining against Herrin, summary judgment must be entered in Herrin's favor as to all claims asserted against it. This Court does not address any motions as to other defendants in this case, as they are not before us on appeal.

*Judgment reversed in Case No. A01A1908. Judgment affirmed in Case No. A01A1909. Ruffin and Ellington, JJ., concur.*

Decided March 6, 2002 —
Reconsideration denied April 4, 2002 — 

*Brannen, Searcy & Smith, David R. Smith,* for appellant.
*Callaway, Braun, Riddle & Hughes, Dana F. Braun, R. Kran Riddle,* for appellees.

---

[11] *New Madison South Ltd. Partnership v. Gardner,* 231 Ga. App. 730, 734 (2) (499 SE2d 133) (1998); *Lear Siegler, Inc. v. Stegall,* 184 Ga. App. 27, 28-29 (360 SE2d 619) (1987).
[12] *New Madison South Ltd. Partnership,* supra.