[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12433
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03238-CAM

SUNNY O. EKOKOTU,

                                                    Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORPORATION,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 19, 2011)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

        Sunny Ekokotu, appearing pro se, appeals the district court's grant of summary

judgment in favor of Federal Express Corporation ("FedEx") in his lawsuit alleging

retaliation and retaliatory hostile work environment, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3, unpaid travel time, wages, and overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and Georgia state law claims for negligent retention, unjust enrichment, and breach of an implied contract, under O.C.G.A. §§ 34-7-20, 9-2-7. On appeal, Ekokotu argues that the district court: (1) abused its discretion in denying his motions to strike FedEx employee John Perrine's testimony, to compel discovery, for a Fed. R. Civ. P. 56 continuance, and for a protective order; (2) abused its discretion in denying his motion to disqualify the magistrate judge; and (3) erred in granting summary judgment to FedEx on his Title VII, FLSA, and Georgia state law claims, and failed to conduct a de novo review of the magistrate judge's report and recommendation ("R&R") before adopting it. After thorough review, we affirm.[1]

We review a district court's ruling on admissibility of evidence for abuse of discretion. Corwin v. Walt Disney World Co., 475 F.3d 1239, 1249 (11th Cir. 2007). We review a district court's denial of a motion to compel discovery for abuse of discretion. Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001). We review for abuse of discretion a district court's refusal to grant a

---

[1] In addition, Sunny O. Ekokotu's motions to file a supplemental initial brief and a revised reply brief are DENIED.

continuance of a summary judgment motion in order to conduct discovery, <u>Burks v. Am. Cast Iron Pipe Co.</u>, 212 F.3d 1333, 1336 (11th Cir. 2000), as well as a district court's ruling on a motion for a protective order under Fed.R.Civ.P. 26(c), <u>McCarthy v. Barnett Bank of Polk Cnty.</u>, 876 F.2d 89, 92 (11th Cir. 1989). We also review a district judge's decision not to recuse himself under 28 U.S.C. § 455(a) for abuse of discretion. <u>United States v. Bailey</u>, 175 F.3d 966, 968 (11th Cir. 1999). Under the abuse of discretion standard, we will not disturb a district court's ruling unless we find that "the district court has made a clear error of judgment, or has applied the wrong legal standard." <u>Corwin</u>, 475 F.3d at 1249 (quotation omitted).

We review a district court's grant of summary judgment <u>de novo</u>, applying the same legal standard used by the district court. <u>Johnson v. Bd. of Regents of Univ. of Ga.</u>, 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in a light most favorable to the non-moving party. <u>Id.</u> at 1243. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The moving party bears the burden of production. <u>Fickling v. United States</u>, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets this burden, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." <u>Id.</u> "Speculation does not create a genuine issue of fact." <u>Cordoba v.</u>

3

Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (quotation and emphasis omitted). We have stated that "the plain language of Rule 56[] mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Johnson, 263 F.3d at 1243 (quotations and alteration omitted).

The relevant background of the case is this. Ekokotu, an African-American of Nigerian decent who is employed by FedEx as a courier, sued FedEx alleging, among other things, retaliation and retaliatory hostile work environment; unpaid travel time, wages, and overtime; negligent supervision and retention, unjust enrichment, and breach of implied contract. According to Ekokotu, after he filed a prior employment discrimination lawsuit against FedEx in August 2006, FedEx, through its managers, Christian Boyle and Ben Wood, began retaliating against him.

Ekokotu's complaint alleged: (1) Ekokotu was denied the opportunity to work overtime during November and December 2007, the peak season; (2) in December 2007, Boyle solicited a FedEx customer to file a written complaint against Ekokotu for "routine customer service dissatisfaction" and then issued Ekokotu a written warning related to the complaint; (3) after Ekokotu filed an internal Equal Employment Opportunity ("EEO") complaint because of these actions, his regular

Saturday overtime hours were reassigned to another employee; (4) in May 2008, Wood changed Ekokotu's start time from 1:30 to 2:00 p.m., which reduced Ekokotu's total hours; (5) when Ekokotu reported to work on July 16, 2008, with an expired airport security badge, which was required to complete his normal route, Wood sent him home without making any effort to find him alternate work, and designated his absence from work as unexcused; and (6) because Ekokotu had an unexcused absence from work on July 16, 2008, he did not receive sixth-day overtime for working on Saturday, July 19, 2008. Ekokotu also alleged that he should have been compensated for the time he spent traveling to the airport security office when he attempted, but failed, to renew his badge.

Ekokotu filed various motions during the discovery period. First, Ekokotu filed a motion to disqualify the magistrate judge because the magistrate judge had presided over pretrial matters in Ekokotu's 2006 lawsuit against FedEx and, in failing to rule or ruling adversely to Ekokotu, exhibited bias against Ekokotu. Ekokotu also filed a motion for a protective order over his videotaped deposition, reasoning that such an order was needed to "protect his privacy." Additionally, Ekokotu filed an emergency motion to compel discovery, arguing that FedEx had failed to produce certain documents. The magistrate judge recommended denying the motions, and the district court, over Ekokotu's objections, denied the motions.

Thereafter, FedEx moved for summary judgment, asserting that Ekokotu failed to set forth a prima facie case of retaliation, but even if he did, it had legitimate, nondiscriminatory reasons for its actions. FedEx further argued that Ekokotu's retaliatory hostile work environment claim, as well as his FLSA and Georgia state law claims, failed as a matter of law. In support of the motion, FedEx submitted, among other things, a declaration from John Perrine, a senior paralegal in FedEx's legal department. According to the declaration, Perrine was a custodian of Ekokotu's employment records and, on that basis, had personal knowledge of and could competently testify as to the number of overtime hours Ekokotu had worked during the 2005, 2006, and 2007 peak seasons. Ekokotu's earnings-history reports were attached to Perrine's declaration and identified the number of hours he had worked.

Ekokotu, in turn, filed a motion to strike Perrine's declaration, arguing, inter alia, that Perrine lacked personal knowledge of the matters in his declaration. Ekokotu also filed a renewed motion to compel discovery and a motion to continue the discovery period under Rule 56, pending resolution of his discovery motions.

The magistrate judge recommended denying the emergency and renewed motions to compel and the motion for a continuance. In a separate R&R, the magistrate judge recommended denying the motion to strike Perrine's declaration and granting summary judgment to FedEx on all of Ekokotu's claims. Over Ekokotu's

6

objections, the district court adopted the magistrate judge's R&R, denied Ekokotu's motion to strike Perrine's declaration, and granted summary judgment to FedEx on all of Ekokotu's claims. In a separate order, the district court denied Ekokotu's emergency and renewed motions to compel discovery, as well as the Rule 56 motion for a continuance. This appeal follows.

First, we reject Ekokotu's claim that the district court abused its discretion in making its evidentiary and discovery rulings. Generally, evidence inadmissible at trial may not be considered on a motion for summary judgment. Corwin, 475 F.3d at 1249. Affidavits must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence. Macuba v. DeBoer, 193 F.3d 1316, 1322-23 (11th Cir. 1999). Evidence of personal knowledge may consist of the witness's own testimony. Fed.R.Evid. 602. Further, a person who testifies concerning documents admitted pursuant to the business records exception to the hearsay rule need not have prepared the documents "so long as other circumstantial evidence and testimony suggest their trustworthiness." Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1259 (11th Cir. 1983).

In discovery matters, district courts are allowed "a range of choice[s]," and we "will not second-guess the district court's actions unless they reflect a clear error of judgment." Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006)

(quotations omitted). Further, discovery rulings should not be overturned "unless it is shown that [they] resulted in substantial harm to the appellant's case." Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003) (quotation omitted). Ekokotu has not identified any case in which we have required a party raising an undue-burden objection to a discovery request to produce evidentiary support for the objection.

Rule 56 "allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) (quotations omitted). A party requesting such a continuance, however, must present an affidavit explaining how additional discovery will allow him to rebut his adversary's contentions. Id. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, pro se litigants are still required to comply with procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993). Both the Federal Rules of Civil Procedure and local rules for the Northern District of Georgia require a motion to compel disclosure to include certification that counsel filing the motion has conferred with opposing counsel. Fed.R.Civ.P. 37(a)(1); N.D. Ga. Civ. R. 37.1.

8

Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed.R.Civ.P. 26(c). The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987); see also Fed.R.Civ.P. 26(c). The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).[2] In addition to requiring good cause, the district court must "balance the interests of those requesting the order." McCarthy, 876 F.2d at 91.

Applying this law, the district court did not abuse its discretion in denying Ekokotu's evidentiary and discovery motions. First, the denial of Ekokotu's motion to strike Perrine's declaration was not an abuse of discretion because Perrine was competent to testify as to the matters contained in his declaration. Second, the district court did not abuse its discretion in denying Ekokotu's motions to compel discovery because Ekokotu failed to show that the denial of the motions resulted in substantial

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as precedent all rulings of the former Fifth Circuit issued prior to October 1, 1981.

harm to him. Because the district court denied the motions to compel and did not abuse its discretion in doing so, there was no need to continue the discovery period for the production of additional documents. Accordingly, the district court did not abuse its discretion in denying Ekokotu's motion for a Rule 56 continuance. Finally, because Ekokotu failed to establish good cause for the issuance of a protective order, the district court did not abuse its discretion in denying Ekokotu's motion for a protective order. Accordingly, we affirm the district court's evidentiary and discovery rulings.

Nor are we persuaded by Ekokotu's claim that the district court abused its discretion in denying Ekokotu's motion to disqualify the magistrate judge. Section 455(a) provides, in relevant part:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). Under § 455(a), recusal is appropriate only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation omitted). Generally, "an allegation of bias sufficient to require disqualification under . . . [§] 455 must demonstrate that the alleged bias is personal as opposed to judicial

in nature." United States v. Meester, 762 F.2d 867, 884 (11th Cir. 1985). Bias must stem from an extrajudicial source unless "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party" Id. at 885 (quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Here, the district court did not abuse its discretion in denying Ekokotu's motion to disqualify the magistrate judge. Ekokotu has not alleged bias that was personal in nature; rather, his motion was predicated on judicial rulings, which do not provide a basis for recusal.

We also do not find merit to Ekokotu's substantive claims, as discussed next.[3]

---

[3] As an initial matter, we reject Ekokotu's claim that the district court failed to conduct a de novo review of the magistrate judge's R&R. Under 28 U.S.C. § 636(b), a district court may designate a magistrate judge to hear and to submit proposed findings of fact and recommendations for the disposition of any pretrial matter before the court, including a motion for summary judgment. 28 U.S.C. § 636(b)(1)(A), (B). If a party to the proceeding timely objects to the magistrate judge's proposed findings or recommendations, the district court must conduct a de novo review of the objected-to findings or recommendations. Id. § 636(b)(1). "As the use of the phrase de novo implies, the district court's consideration of the [disputed facts] must be independent and based upon the [evidence] before the court." LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). The district court is obligated to review the evidence and, after doing so, may accept, reject, or modify the findings or recommendations made by the magistrate judge. Id.; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3). Here, the record shows that Ekokotu raised numerous objections to the magistrate judge's factual findings, and in its summary judgment order, the district court explicitly stated that it had thoroughly considered the magistrate judge's R&R, Ekokotu's objections, FedEx's response to those objections, and Ekokotu's supplemental brief, and the district court also stated that it had conducted a de novo review of the proceedings. Further, a review of the district court's order confirms that the court carefully reviewed the evidence, including the depositions and exhibits submitted, before drawing its ultimate conclusions.

### 1.     Title VII Claims

Title VII prohibits an employer from discriminating against a person based on the person's race, color, religion, sex, or national origin, or from retaliating against an employee for reporting discrimination.  42 U.S.C. §§ 2000e-2(a)(1), 3(a).  Under Title VII, a plaintiff bears the ultimate burden of proving retaliatory treatment by a preponderance of the evidence.  Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990) (discrimination case).  Where direct evidence of retaliation is lacking, a plaintiff may present circumstantial evidence sufficient to create a jury question.  See E.E.O.C. v. Joe's Stone Crab, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (discrimination case).  A retaliation claim based on circumstantial evidence is analyzed according to the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Goldsmith v. City of Artmore, 996 F.2d 1155, 1162-63 (11th Cir. 1993).  Accordingly, if a plaintiff establishes a prima facie case of retaliation, and the employer proffers a legitimate, nondiscriminatory reason for its employment action, the plaintiff must then show that the reason is a pretext for retaliation.  Id. at 1163.

A plaintiff may establish a prima facie case of retaliation by showing that (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) there is some causal relationship between the two events.  Holifield

v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997). As to the second prong, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). In Burlington Northern, the Supreme Court stated that "[t]he antiretaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm." Id. at 67. The acts must be material and significant and not trivial. Id. at 68; see also Crawford v. Carroll, 529 F.3d 961, 973 n.13 (11th Cir. 2008) (noting that Burlington Northern "strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered 'materially adverse' to him and thus constitute adverse employment actions"). In addition, a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N., 548 U.S. at 68 (quotations omitted). Further, "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." Id. at 69.

We construe the causal-relationship element broadly, so that a plaintiff simply has to demonstrate that the protected activity and adverse action are not completely unrelated. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004). A "close temporal proximity" between the employee's protected activity and adverse actions

13

may be sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection. Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000). However, "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." Higdon, 393 F.3d at 1220-21 (holding that, by itself, three months was insufficient to prove causation).

Pretext means that the reason given by the employer was not the real reason for the adverse employment decision. Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). "[A] reason cannot . . . be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (emphasis omitted). In this respect, conclusory allegations or unsupported assertions, without more, "are not sufficient to raise an inference of pretext[.]" Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996) (quotation omitted). Instead, the plaintiff must "present significant probative evidence" of pretext. Id. (quotation omitted). The plaintiff must meet the proffered reason "head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). The district court should consider "whether the plaintiff has demonstrated such weaknesses, implausibilities,

14

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotation omitted). The "identification of inconsistencies in the defendant's testimony is evidence of pretext," but the "mere denial of credibility" has no evidentiary value. Howard v. BP Oil Co., 32 F.3d 520, 523, 526 (11th Cir. 1994).

Further, where an employer's action was assertedly prompted by a work rule violation, a plaintiff may demonstrate pretext by showing either that he did not violate the work rule or other employees not within the protected class who engaged in similar conduct were not similarly treated. Anderson v. Savage Labs., Inc., 675 F.2d 1221, 1224 (11th Cir. 1982). A proper "comparator must be similarly situated in all relevant respects." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004) (quotation omitted). The most important points of comparison in identifying a proper comparator "in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (quotation and alteration omitted).

However, in investigating misconduct and reaching an employment decision, an employer is entitled to weigh a witness's credibility, and we will not "second-guess as a kind of super-personnel department" the employer's decision following an

15

internal investigation. E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d 1171, 1176 (11th Cir. 2000). In such circumstances, our inquiry is limited to whether the employer's "choice is an honest choice," i.e., whether the employer acted in good faith and had reasonable grounds to believe the disciplined employee engaged in the misconduct. Id. Finally, a plaintiff does not always defeat a summary judgment motion by putting forth sufficient evidence to reject the defendant's explanation. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000). An employer is entitled to summary judgment if "the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Id.

Here, the district court did not err in granting FedEx summary judgment on Ekokotu's Title VII retaliation claims. For his claim based on the schedule adjustment, Ekokotu failed to establish that management's explanation for changing his start time was a pretext for retaliation. For his claim based on his use of a personal day, Ekokotu failed to present evidence sufficient to create a genuine issue of material fact with respect to the proffered reasons for FedEx's denial of his request to use a personal day. For his claim based on Saturday overtime, Ekokotu failed to present evidence sufficient to create a genuine issue of material fact regarding

FedEx's reasons for reducing his Saturday overtime hours. For his claim based on peak-season overtime, the record evidence does not demonstrate that Ekokotu was adversely affected by the denial of peak-season overtime, as he worked more overtime in 2007 than he did in 2006 or 2005. In any event, even if Ekokotu suffered a materially adverse action, he has not shown that FedEx's failure to schedule him for 2007 peak-season overtime was in retaliation for his 2006 complaints and lawsuit, since there was a substantial delay between his 2006 activities and the 2007 peak season. For his claim based on a warning issued in response to a customer complaint, Ekokotu has not offered any evidence from which a jury could conclude that the decision to issue him a warning letter was made in bad faith or actually was motivated by a desire to retaliate against him. And finally, for his claim based on his airport security badge, Ekokotu has not offered sufficient evidence to create a genuine issue of material fact as to whether the actions taken in response to his untimely renewal of his badge were a pretext for retaliation.

As for Ekokotu's retaliatory hostile work environment claim, we have not addressed in a published opinion the cognizability of a retaliatory hostile work environment claim under Title VII. However, the Supreme Court has said that a claim for a hostile work environment, like other types of harassment, still requires proof of harassing acts so severe or pervasive that they altered the terms and

17

conditions of employment.  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  In this case, Ekokotu failed to allege conduct that courts have recognized as sufficiently severe or pervasive to state a retaliatory hostile work environment claim.  Therefore, the district court did not err in granting FedEx summary judgment on this claim.

### 2.    FLSA Claims

Under the FLSA, an employee is "guarantee[d] either regular or overtime compensation for all actual work or employment."  Dade Cnty., Fla. v. Alvarez, 124 F.3d 1380, 1384 (11th Cir. 1997) (quotation omitted).  To establish a prima facie case of an FLSA violation, a complainant must show "as a matter of just and reasonable inference" the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA.  Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513 (11th Cir. 1993) (quotation omitted).  The FLSA also requires employers to pay overtime to employees for employment in excess of 40 hours in a work week.  29 U.S.C. § 207(a)(1).  In order for a plaintiff to recover for uncompensated overtime, he must show that (1) he worked overtime hours without compensation, and (2) his employer had knowledge, or should have had knowledge, of his overtime work.  See Reich v. Dep't of Conservation & Natural Res., 28 F.3d 1076, 1082 (11th Cir. 1994).

On this record, the district court did not err in granting summary judgment to FedEx on Ekokotu's FLSA claims. For uncompensated travel time claim, Ekokotu has not demonstrated that any inadequate compensation was the result of FedEx's actions, rather than his own. See Caro-Galvan, 993 F.2d at 1513. For his unpaid wages and his withheld overtime pay claims, Ekokotu failed to show that he was entitled to unpaid wages for July 16, 2008, or to overtime compensation for his work on Saturday, July 19, 2008. See Reich, 28 F.3d at 1082; Johnson, 263 F.3d at 1243. In short, Ekokotu failed to demonstrate that he was entitled to such compensation, and the district court did not err in dismissing Ekokotu's FLSA claims.

### 3. Georgia State Law Claims

Under O.C.G.A. § 34-7-20, an "employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency." In order to sustain a claim for negligent retention under Georgia law, a plaintiff must show that the employer knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury. Herrin Bus. Prods., Inc. v. Ergle, 563 S.E.2d 442, 446 (Ga. Ct. App. 2002). "Proof of such propensity must consist of evidence substantially related to the injury-causing conduct." Id.

Unjust enrichment "applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party

contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." St. Paul Mercury Ins. Co. v. Meeks, 508 S.E.2d 646, 648 (Ga. 1998) (quotation and alteration omitted). Recovery under a theory of unjust enrichment, or quantum meruit, requires a claimant to "show (1) his performance as agent of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) the defendants' receipt of which without compensating claimant would be unjust; (4) and claimant's expectation of compensation at the time of the rendition of the services[.]" Artrac Corp. v. Austin Kelley Adver., Inc., 399 S.E.2d 529, 533-34 (Ga. Ct. App. 1990) (quotation and alternations omitted).

Under Georgia law, there are two types of implied contracts, namely (1) contracts implied in fact, which are true contracts, and (2) contracts implied by law, wherein contractual obligations "are implied by law without regard for the intent or assent of the parties." Eaves v. J.C. Bradford & Co., Inc., 326 S.E.2d 830, 831-32 (Ga. Ct. App. 1985).

On this record, Ekokotu has not presented evidence to create a genuine issue of material fact as to whether (1) FedEx negligently retained manager Boyle; (2) Ekokotu equitably ought to have been compensated for his time spent traveling to the airport security office, for July 16, 2008, after he was sent home, or at an overtime

rate for work performed on Saturday, July 19, 2008; or (3) FedEx breached an implied contract to pay Ekokotu when he reported to work on July 16, 2008. Thus, the district court correctly found that FedEx was entitled to summary judgment on Ekokotu's state law claims, and we affirm.

**AFFIRMED**.