[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16118
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-04227-RLV

SUNNY O. EKOKOTU,

Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 15, 2013)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Sunny O. Ekokotu, appearing *pro se*, appeals the district court's grant of summary judgment to Federal Express Corporation ("FedEx") in his lawsuit alleging national origin discrimination (Counts I and II),  retaliation (Count III), and retaliatory hostile work environment (Count IV), in violation of Title VII, 42 U.S.C. §§ 2000e-2(a), (m), 3(a), as well as state tort law claims for negligent retention/supervision and intentional infliction of emotional distress (Counts V and VI), in violation of O.C.G.A. § 34-7-20.

Ekokotu, an African-American of Nigerian descent formerly employed by FedEx as a courier in an Atlanta location, asserted that he was discriminated and retaliated against, principally by two white managers after "he began [an] uncompromising stand against discrimination in the work place."  That purported stand included filing earlier lawsuits[1] and EEOC charges against FedEx for violating anti-discrimination laws.  He alleged that company officials discriminated or retaliated against him in several ways by:  (1) issuing an August 2009 warning letter; (2) issuing a September 2010 performance reminder; (3)  rating his work performance poorly from 2009-2011; and (4) seeking to collect court-ordered costs associated with his prior litigative efforts through garnishment actions.  He also alleged that the company acted tortiously, in violation of state

---

[1] Ekokotu filed two prior federal lawsuits against FedEx.  In each case, the district court granted summary judgment to FedEx and company officials, and we affirmed.  *See Ekokotu v. Boyle*, 294 F. App'x 523 (11th Cir. 2008) (unpublished); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331 (11th Cir. 2011) (unpublished).

law, by hiring or retaining the two white managers in light of the preceding.  The district court, adopting a magistrate's report, disagreed and concluded that FedEx was entitled to summary judgment.

Ekokotu now contends that the district court failed to conduct a *de novo* review of the magistrate's dispositive recommendation and erred in granting summary judgment to FedEx on his Title VII and Georgia state law claims.  For ease of reference, we will address each point, in turn.

I.

Ekokotu first contends that the district court erroneously failed to conduct a *de novo* review of the magistrate's recommendation, in violation of the Federal Magistrate Act, 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b), a district court may designate a magistrate judge to hear and to submit proposed findings and recommendations for disposition of any pretrial matter, including a summary judgment motion.  28 U.S.C. § 636(b)(1)(A), (B).  If a party to the proceeding timely objects to the magistrate's report, the district court must conduct a *de novo* review of the objected-to findings or recommendations.  *Id.* § 636(b)(1)(C).  "As the use of the phrase *de novo* implies, the district court's consideration of the [disputed facts] must be independent and based upon the [evidence] before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).  Thus, a court must review the evidence and, after doing so, may accept, reject, or modify the

3

proposed findings or recommendations.  *Id.*; 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Here, the district court properly conducted a *de novo* review, noting that it had "carefully considered the magistrate judge's report and recommendation, including a detailed review of all of [Ekokotu]'s objections," and detailed its rejection of several specific objections.

## II.

Turning to the merits, Ekokotu first argues that the district court erred in granting summary judgment to FedEx on his national origin discrimination claims. Here, the district court did not err with respect to Ekokotu's national origin discrimination claims.  First, the court correctly held that Ekokotu abandoned the claims because he not only failed to argue them in response to FedEx's motion for summary judgment, but he explicitly and unequivocally disavowed them in response to FedEx's motion for summary judgment.  *See Resolution Trust Corp.*, 43 F.3d at 592.  Because the court's alternative reasoning regarding abandonment was correct, Ekokotu's argument regarding the court's dismissal pursuant to Rule 41 is inconsequential.

In any case, Ekokotu also failed to produce sufficient evidence to raise an inference of national origin discrimination.  Here, the only evidence relevant to Ekokotu's national origin discrimination claims consisted of comments by one of the white managers that he occasionally had difficulty understanding Ekokotu

4

because of his fast speech and accent, as well as the fact that Ekokotu, rather than a U.S.-born courier, was disciplined after an incident where packages were left behind at a customer location. The manager's occasional remarks did not betray an invidious intent; moreover, evidence showed that Ekokotu, not the U.S.-born courier, was disciplined when the packages were abandoned because he, not the other courier, had scanned them, and Ekokotu raised no inference to the contrary.

## III.

Ekokotu next contends that the district court erred in granting FedEx's motion for summary judgment on his retaliation claim. The district court did not err in granting summary judgment with respect to Ekokotu's claim of retaliation. The record supports the district court's conclusion that Ekokotu failed to present a prima facia case. Moroever, Ekokotu's effort to rely on a "mixed motives" analysis cannot be supported because he failed to show that FedEx was motivated at least in part by an impermissible motive.

## IV.

Next, Ekokotu argues that the district court erred in granting summary judgment to FedEx on his retaliatory harassment claim. We recently recognized a cause of action for retaliatory hostile work environment. *Gowski v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012). However, the district court did not err in granting FedEx summary judgment on Ekokotu's retaliatory harassment claim.

The record did not evidence retaliatory harassment that a reasonable person would find hostile or abusive.

## V.

Finally, Ekokotu argues that the district erred in granting summary judgment on his state law negligent retention and supervision claim, although he does not contest the court's award of summary judgment with respect to his state law claim for intentional infliction of emotional distress.[2]  On this record, we find no error in the district court's summary judgment in favor of FedEx on Ekokotu's negligent retention and supervision claim.  Because the contested conduct did not amount to a substantive violation of Title VII, Ekokotu's derivative state law claim fails.

**AFFIRMED.**

---

[2] Ekokotu makes no mention of the claim in his initial brief, and while he references the claim in his reply brief, he incorrectly contends that the court did not rule on it below.  Even liberally construed, this reference to the claim for the first time in his reply brief is insufficient to properly raise the issue on appeal.  *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1310 n. 17 (11th Cir. 2012).